# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

YOEL GUERRA,

    *Petitioner*,

vs.

BRIAN WILLIAMS, *et al.*,

    *Respondents.*

2:11-cv-01842-JCM-RJJ

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the court on respondents' motion (#7) to dismiss. Respondents contend that the single ground presented challenging petitioner's sentence is not exhausted and that the ground in any event fails to state a claim upon which relief may be granted. Petitioner has not filed an opposition.

    Under Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." When an opposing party receives notice and is given sufficient time to respond to a motion to dismiss, a district court does not abuse its discretion in granting the motion based on failure to comply with a local rule. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir.1995). Before dismissing a case for failing to follow local rules, the district court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986).

In the present case, petitioner was given appropriate notice of respondents' motion to dismiss both when the motion was served and further when he was provided a *Klingele* notice by the court. He has had ample time to respond to the motion to dismiss, including an appropriate allowance of time for mailing and docketing delays, but he has not done so. The court has weighed the above factors. It finds that the public's interest in expeditious resolution of litigation, particularly litigation involving the validity of state criminal judgments, as well as the court's need to manage its docket, outweigh the risk of prejudice and the remaining factors. The motion to dismiss therefore will be granted due to petitioner's failure to respond to the motion under the local rule.

IT THEREFORE IS ORDERED, pursuant to Local Rule LR 7-2(d), that respondents' motion (#7) to dismiss is GRANTED and that the petition is DISMISSED.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED. Jurists of reason would not find the court's grant of the unopposed motion to dismiss and dismissal of the petition to be debatable or incorrect.

The clerk of court shall enter final judgment accordingly, in favor of respondents and against petitioner, dismissing this action without prejudice.

DATED: March 2, 2012

_____
JAMES C. MAHAN
United States District Judge

-2-