# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

YOEL GUERRA,

    *Petitioner*,

vs.

BRIAN WILLIAMS, *et al.*,

    *Respondents.*

2:11-cv-01842-JCM-RJJ

ORDER

This closed habeas matter under 28 U.S.C. § 2254 comes before the court on petitioner's motion (#17) to vacate order, which arises under Rule 60(b) of the Federal Rules of Civil Procedure following upon the expiration of the time period for seeking relief under Rule 59. What appears to be a timely appeal from the judgment of dismissal is pending.

### *Background*

Respondents moved to dismiss the petition as unexhausted and for failure to state a claim, and a *Klingele* notice was issued by the court. No opposition was filed. The court thereafter, after weighing the relevant factors, granted respondents' unopposed motion pursuant to Local Rule LR 7-2(d).

The judgment was entered on March 2, 2012. Petitioner thereafter mailed a notice of appeal to the clerk for filing with a certificate reflecting a March 29, 2012, mailing date. The appeal has been docketed and currently is pending in the court of appeals. It appears likely, however, that the court of appeals is holding processing of the appeal pending a statement by this court as to whether it is inclined to grant post-judgment relief if jurisdiction to do so is restored to the district court, as discussed further *infra*.

Petitioner mailed the present motion to vacate for filing on or about April 17, 2012. Petitioner asserts that he did not receive a copy of the motion to dismiss or any other mail from the state attorney general during the relevant time.

The prison legal mail log for the relevant time period reflects that petitioner signed for incoming legal mail logged by law library staff for the following dates and descriptions:

| | |
|---|---|
| 01/10/2012 | David Roger DA |
| 01/11/2012 | David Roger DA |
| 03/28/2012 | Dist. Court Las Vegas |

#19, Exhibit 1.

Respondents contend that petitioner "most likely" received the motion to dismiss. Respondents posit that the January 10, 2012, and January 11, 2012, entries indicating receipt of legal mail from the local district attorney "very likely" were logged as such rather than as mail from the state attorney general due to clerical error in the prison law library. Respondents maintain that the local district attorney had not been engaged in litigation with petitioner since November 2011 (a matter of only approximately two months prior). They attach a declaration from an employee of the district attorney's criminal appeals division attesting that no legal mail was sent by the district attorney to petitioner in the two months preceding January 10, 2012. Respondents state that the January 10, 2012, and January 11, 2012, log dates correspond closely to the January 9, 2012, and January 10, 2012, filing and service dates of a notice (#6) of change of attorney and the motion (#7) to dismiss.

Petitioner asserts in his reply, with a supporting declaration under penalty of perjury, that he did not receive any legal mail from the state attorney general during the relevant time period and that he did not receive a copy of a *Klingele* notice from the court. He further asserts that, while he did not retain copies of the particular transmittals, the January 10, 2012, and January 11, 2012, logged mailings were from the family support division of the district attorney's office. He states that the mailings related to child support proceedings in two cases that he identifies by caption and docket number. He attaches copies of legal mail from the district attorney's family support division regarding the two cases from other dates in 2011.

*Discussion*

A district court does not have jurisdiction over a Rule 60(b) motion for relief from judgment in a matter on appeal prior to issuance of the mandate, unless leave is obtained from the court of appeals to consider the motion. *See,e.g., Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004); *Gould v. Mutual Life Ins. Co.*, 790 F.2d 769, 772-73 (9th Cir. 1986). This matter is pending before the court of appeals, and this court therefore does not have jurisdiction over the present motion.

That does not end discussion of the matter, however. The appropriate procedure in this context is for the petitioner to ask the district court whether it wishes to entertain the motion, or to grant it, and then move for a remand in the court of appeals. *Cf. Gould*, 790 F.2d at 772. The court will construe the lay petitioner's motion liberally as such a request to the district court.

So construed, the court will certify to the court of appeals that it is inclined to grant the motion if jurisdiction is restored to the district court via a remand or the appellate court otherwise grants leave to consider the motion.

First, the court is reluctant at the very outset to use supposition in combination with the mail log to seek to establish receipt of mail that the log itself does not affirmatively establish that the inmate received. If the keepers of the log, *arguendo*, are improperly logging mail from the state attorney general instead as mail from the local district attorney, then that would be a matter that would need to be addressed within the institution. In such a scenario, however, the log would not establish that the inmate had received mail from the attorney general. The log simply must be maintained accurately to serve its intended purpose. If it *arguendo* is not maintained accurately in a particular instance, then it fails to serve its intended purpose in that instance and fails to establish receipt of the mail in question.

Second, petitioner's assertion that he received mail from the family support division of the district attorney's office provides a plausible explanation for the January 10, 2012, and January 11, 2012, log entries. The declaration by the employee of the criminal appeals division does not directly address mailings by the family support division.

Third, nothing in respondents' submission reflects that petitioner received a copy of the court's *Klingele* notice that was entered on January 11, 2012. The court of appeals has not held as yet in a published opinion that a *Klingele* notice is required in habeas matters as well as prisoner civil rights matters. It is this court's practice, however, to apply the *Klingele* notice requirement to both types of inmate litigation. The fact that there is no evidence that petitioner received the *Klingele* notice further reinforces the court's conclusion that it should not deny relief reopening the matter based upon petitioner's failure to receive effective notice of respondents' motion to dismiss.

In exercising its discretion, the court further finds that the balance of the equities as to reopening the matter tips in petitioner's favor. Petitioner sought relief on this basis promptly following the dismissal, such that a long-closed collateral challenge to a state criminal judgment is not being reopened well after the judgment was final. Given current exhaustion, timeliness, and successive-petition rules, a petitioner generally has only one effective opportunity to challenge a state criminal judgment on federal habeas review. In the present case, reopening the matter only will result in petitioner being afforded an opportunity to respond to the motion to dismiss and will not unduly prejudice respondents.

IT THEREFORE IS ORDERED that the court CERTIFIES to the court of appeals that it is inclined to entertain and grant petitioner's motion (#17) to vacate order if jurisdiction is restored to the district court via a remand or the appellate court otherwise grants leave to consider the motion. The clerk shall prominently note this certification in the docket entry for this order and shall forward a copy of the order to the court of appeals in a notice of electronic filing as per the clerk's current practice for such transmittals.

Petitioner's motion to vacate will remain pending on the docket pending action by the court of appeals. Petitioner may wish to file an appropriate motion in the appellate court.

DATED: January 16, 2013.

_____
JAMES C. MAHAN
United States District Judge