# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

YOEL GUERRA,

    *Petitioner*,

vs.

BRIAN WILLIAMS, *et al.*,

    *Respondents.*

2:11-cv-01842-JCM-GWF

ORDER

This reopened habeas matter under 28 U.S.C. § 2254 comes before the court on respondents' motion (#7) to dismiss, following upon petitioner's opposition (#34) thereto. Respondents contend that: (a) the single ground presented in the petition is unexhausted because petitioner presented no federal constitutional claims to the state courts; and (b) the claim in the federal petition also fails to state a claim for relief under federal law.

## *Background*

On December 3, 2008, petitioner Yoel Guerra entered a guilty plea to, *inter alia,* coercion with the use of a deadly weapon. He acknowledged in the plea agreement that:

> My decision to plead guilty is based upon the plea agreement in this case which is as follows:
>
> Both parties agree to stipulate to probation for a fixed five (5) years, with an underlying sentence of twenty eight (28) to seventy two (72) months plus an equal and consecutive twenty eight (28) to seventy two (72) months for the deadly weapon enhancement. . . . .

#8, Ex. 2, at 1 (at electronic docketing page 5).

Guerra thereafter was sentenced – exactly as he had stipulated to in the plea deal – to 28 to 72 months with an equal and consecutive sentence on the weapon enhancement of 28 to 72 months, with the sentence suspended for five years.[1]

Less than a year later, on October 13, 2009, Guerra's probation was revoked and the original sentence that he stipulated to was imposed.[2]

Petitioner thereafter filed a motion to modify his sentence in the state district court. The motion alleged as follows in pertinent part:

> Petitioner was sentenced to (2) equal and consecutive sentences, when the law was changed as of July 1 of 2007 for the enhancement to no longer to be equal and consecutive [sic], in accordance to the AB 510 Asembly [sic] Bill.
>
> Petitioner as [sic] this honorable court to modify his enhanced sentence to 12 to 30 months. Petitioner is not challenging his Judgment of Conviction, he is challenging the enhanced, equal and consecutive [sic] sentence, in accordance to the modifications made by the legislature as of July 1st of 2007.
>
> There for [sic] petitioner ask's [sic] this Honorable Court to resentence petitioner and modify his enhanced sentence.

#8, Ex. 5, at 2 (at electronic docketing page 21).

The state district court denied relief; and Guerra appealed, in No. 56365 in the state supreme court. The appeal was decided on the record without further briefing.

In No. 56365, the state supreme court held as follows in pertinent part:

> Based upon our review of the record on appeal, we conclude that the district court did not err in denying the motion. Appellant failed to demonstrate that the district court relied upon a mistaken assumption about appellant's criminal record that worked to his extreme detriment. Edwards v. State, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996). Moreover, as a separate and independent ground to deny relief, appellant's claim lacked merit because the 2007 amendment to NRS 193.165 does not apply retroactively. State v. Dist. Ct. (Pullin), 124 Nev. ___, 188 P.3d 1079 (2008). . . . .

#8, Ex. 8, at 1-2.

---

[1] #8, Ex. 3 (at electronic docketing page 14).

[2] #8, Ex. 4 (at electronic docketing pages 17-18).

-2-

1  Petitioner thereafter filed two motions to correct illegal sentence in the state district
2 court. The two motions were identical, with one being a photocopy of the other. The motions
3 relied upon the state statute, N.R.S. 193.165, and presented argument as to how the statute
4 and state case law should be applied to his case. The motions did not assert any federal law
5 claims.[3]

6  The state district court denied relief; and the state supreme court affirmed on appeal,
7 in No. 58226. The state high court held that petitioner had failed to demonstrate that his
8 sentence was facially illegal or that the district court lacked jurisdiction. The state supreme
9 court made no federal law holding in its order.[4]

10  In the federal petition, petitioner conclusorily alleges that he was denied due process
11 of law in violation of the Fourteenth Amendment. In his underlying argument, he alleges that

---

[3]See #8, Exhs. 10 & 11 (at electronic docketing pages 39-42 & 55-58).

[4]See #8, Ex. 14 (at electronic docketing pages 86-88).

Regarding the decision on the first appeal in No. 56365, the offense to which petitioner pled was alleged to have occurred on September 16, 2008, which is *after* the July 1, 2007, effective date of the 2007 amendment to N.R.S. 193.165. See #8, Ex. 1; *id.*, Ex. 2 (attached information)(at electronic docketing pages 2 & 11).

However, any factual error by the state supreme court in applying state law -- in an alternative holding to another state law holding -- does not lead to a different outcome on the present motion. The pertinent question on the current motion is whether petitioner exhausted federal constitutional law claims in the state courts. He may not pursue federal claims in a federal habeas petition without having first presented those federal claims to the state courts. Any *arguendo* factual error in applying state law to petitioner's case on the first appeal does not provide a basis for ignoring the requirement that petitioner exhaust federal claims before raising them on federal habeas review.

The Court further would note that petitioner received the sentence to which he stipulated in the plea agreement. Nothing in the 2007 amendment to N.R.S. 193.165 adopting a flexible structure for sentences on a weapon enhancement would appear to preclude a defendant from stipulating to an equal and consecutive sentence on the weapon enhancement as part of a plea bargain.

Accordingly, on the second appeal in No. 58226, the state supreme court's state law holding that the sentence was not facially illegal would appear to have a firm foundation. Nothing in the state statute appears to preclude a defendant from stipulating to an equal and consecutive sentence on the weapon enhancement as part of a plea bargain after July 1, 2007. See also note 5, *infra.*

The controlling issue on the present motion, however, once again, is whether Guerra fairly presented *federal constitutional claims* to the state courts, not whether the state supreme court correctly applied Nevada state law.

an equal and consecutive sentence on a weapon enhancement is illegal after July 1, 2007, under N.R.S. 193.165.[5] Petitioner invokes state legal principles, along with federal criminal rules that do not constitute federal constitutional standards applicable to the state courts, in support of his request that this federal district court modify his state court sentence.

## *Discussion*

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the state supreme court. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See,e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Any *arguendo* viable federal due process claim presented in the federal petition clearly was not fairly presented to the state supreme court and exhausted. Petitioner relied exclusively on state law in the state courts without articulating any federal constitutional claim in those courts.

---

[5]The proposition is a dubious one as a matter of applying state law. The statute specifically states that the weapon-enhancement sentence "(a) Must not exceed the sentence imposed for the crime; and (b) Runs consecutively with the sentence prescribed by statute for the crime." N.R.S. 193.165(2)(a) & (b). A sentence that "must not exceed" another sentence of course thus potentially may equal the other sentence, and the statute requires that the weapon-enhancement sentence be consecutive. It thus would appear from the face of the statute that an equal and consecutive sentence is *not* illegal under N.R.S. 193.165 after July 1, 2007. Any such issue, however, is an issue of the application of state law, not federal law.

Petitioner urges that the lack of exhaustion should be excused under 28 U.S.C. § 2254(b)(1)(B)(ii) because "circumstances exist that render [state corrective process] ineffective to protect the rights of the applicant." He maintains that the state courts do not provide equal protection of the law and that their alleged "bending" of N.R.S. 193.165 constitutes a violation of equal protection and due process of law. He contends that state process thus is ineffective to protect his rights.

Petitioner's argument stands the exhaustion doctrine on its head. Petitioner essentially argues that state process is ineffective because the state courts are violating the federal constitution as to alleged constitutional violations that he never presented to the state courts in the first instance. The exhaustion doctrine instead requires that the petitioner provide the state courts the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *E.g., Coleman, supra.* State process has not been ineffective here. Petitioner simply has failed to invoke that process in the first instance to actually present federal constitutional claims to the state courts for consideration. That he first must do before seeking federal habeas relief. A presumption that state courts are as equally competent and diligent as federal courts in considering federal constitutional claims is a fundamental tenet of federalism and lies at the heart of the exhaustion requirement. *E.g., Coleman*, 501 U.S. at 731.

Petitioner's *pro se* status does not eliminate the requirement that he first present his federal constitutional claims to the state courts.

Petitioner's further bald assertion that the state courts are racially motivated also does not provide a basis for avoiding the exhaustion requirement. If petitioner wishes to pursue a federal constitutional claim that the state courts allegedly are denying him equal protection of the law because of his race, he will have to make that claim first to the state courts themselves.

Finally, petitioner requests in the alternative that the court grant him a stay so that he can exhaust federal claims. A stay is not available as to a wholly unexhausted petition. *E.g., Rasberry v. Garcia*, 448 F.3d 1150 (9th Cir. 2006); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th

1  Cir.2001); *accord Creamer v. Ryan*, No. 09-16425, 2011 WL 21909, slip op. at **1 (9th Cir. Jan. 24, 2011).  A wholly unexhausted federal petition instead must be dismissed immediately.  *Rasberry, supra; Jiminez, supra.*  The court further in any event does not find that any *arguendo* discretionary stay otherwise potentially available in this procedural context would be warranted on the record presented.  Nothing in the record or argument presented reflects, *inter alia*, that petitioner had good cause for the failure to exhaust.

The petition therefore will be dismissed without prejudice for complete lack of exhaustion.  The court makes no holding as to whether the federal petition otherwise states a claim upon which relief may be granted under the federal constitution.

IT THEREFORE IS ORDERED that respondents' motion (#7) to dismiss is GRANTED and that the petition is DISMISSED without prejudice for lack of exhaustion.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED.  Jurists of reason would not find the district court's dismissal of the undisputedly wholly unexhausted federal petition to be debatable or wrong.  Petitioner's arguments to the contrary are completely without merit. See text, *supra*, at 5-6.

The clerk of court shall enter final judgment accordingly, in favor of respondents and against petitioner, dismissing this action without prejudice.

DATED: May 30, 2013.

_____
JAMES C. MAHAN
United States District Judge